**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**CARRIE MAE CABALLERO**                               **CIVIL ACTION**

**VERSUS**                                             **NO. 19-12356**

**AVONDALE INDUSTRIES, INC., ET AL**                   **SECTION "B"(4)**

## ORDER AND REASONS

Plaintiff filed a motion to remand, alleging removal of the case was untimely. Rec. Doc. 12. Additionally, plaintiff alleges the requirements for federal officer removal are not satisfied. *Id.* Defendant timely filed a response in opposition. Rec. Doc. 19. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand shall be **HELD IN ABEYANCE** and **ADMINISTRATIVELY CLOSED** until the Fifth Circuit renders a decision in *Latiolais v. Huntington Ingalls, Inc.,* 918 F.3d 406 (5th Cir.), *reh'g en banc granted,* 923 F.3d 427 (5th Cir. 2019).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an asbestos case. Plaintiff filed a complaint, alleging negligence, in Civil District Court for the Parish of Orleans, naming the Avondale Interest as defendants. Rec. Doc. 1-1. Plaintiff alleges that defendants' negligence in failing to warn its employees of the risks of asbestos exposure and defendants' further negligence in its failure to implement proper

1

safety procedures in handling asbestos resulted in the plaintiff contracting asbestos-related lung cancer due to personal contact with the plaintiff's former spouse, Edward Boudreaux. Rec. Doc. 1-1 at 19. Edward Boudreaux was an employee of defendant, Avondale. *Id.* Plaintiff was deposed on June 12, 2019. Rec. Doc. 1-2. He was deposed on July 10, 2019, July 11, 2019, August 21, 2019 and August 22, 2019. Rec. Doc. 1. Defendants received transcripts of Edward Boudreaux's July 10, 2019 and July 11, 2019 deposition on July 30,2019. Rec. Doc. 1-5. Defendants filed a notice of removal on September 29, 2019 asserting the district court had jurisdiction because defendants were acting under an officer of the United States as set forth in 28 U.S.C. §1442. Rec. Doc. 1 at 2. Defendants assert the case became removeable after the defendants received transcript of Edward Boudreaux's deposition in which Mr. Boudreaux testified that he worked on several U.S. Navy vessels. Rec. Doc. 1 at 5.

Plaintiff filed the instant motion to remand claiming that defendants' removal notice was procedurally deficient because it was untimely and the requirements of federal officer removal had not been satisfied. Rec. Doc. 12-1. Defendants filed a response in opposition stating that their notice of removal was timely filed within thirty days of the point at which it became clear that plaintiff's claims were related to exposure to asbestos on federal vessels. Rec. Doc. 19 at 7. Additionally, defendants' response in

opposition assert the court has jurisdiction pursuant to 28 U.S.C. §1442 and request the court hold plaintiff's motion to remand in abeyance pending the Fifth Circuit's ruling in *Latiolais v. Huntington Ingalls, Inc.*

**LAW AND ANALYSIS**

**Timeliness of Removal**

If a civil action over which the district courts of the United States have original jurisdiction is brought in a State Court, it "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants must file a notice of removal pursuant to 28 U.S.C. §1446. Generally,

> "[t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,"

28 U.S.C. § 1446(b)(1).

However,

> "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3).

The removing party bears the burden of showing that removal was proper, and any ambiguities are to be strictly construed in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002).

The first issue before the Court in this case is a timeliness dispute. Parties disagree as to when removal of the suit to federal district court was proper. Plaintiff argues that removal was untimely as defendants had notice, prior to suit being filed, that plaintiff's former husband worked aboard U.S. Navy vessels while employed at Avondale. Rec. Doc. 12-1. Plaintiff contends defendants had notice because defendants were in possession of plaintiff's husband's employment records. *Id.* In addition, plaintiff contends that in any event removal should have been filed no later than August 2, 2019 which is thirty days after defense counsel received plaintiff's former husband's social security records. *Id.* Plaintiff argues the social security records again indicate that her former husband was employed at Avondale prior to mid-1974.[1]

As explained above, timeliness of removal is governed by 28 U.S.C. § 1446. The Fifth Circuit has held the thirty-day clock is only triggered by the initial pleading or other papers if it

---

[1] According to plaintiff's motion to remand, it is Avondale's expert's opinion that the Navy required the use of asbestos prior to mid-1974. Plaintiff does not provide any evidence in support of this statement. Rec. Doc. 12-1 at 6.

4

"affirmatively reveals on its face that" the case is removable. *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992). Additionally, "the defendant's subjective knowledge cannot convert a case into a removable action." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018) citing *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996). Plaintiff's petition for damages contains no statement indicating that plaintiff's former husband, Edward Boudreaux, worked on a U.S. Navy vessel or under the direction of a federal officer.[2] Thus, the petition for damages does not affirmatively reveal that the case is removeable. Plaintiff's reliance on *Parfait v. Huntington Ingalls Incorporated* is incorrect because the plaintiff in *Parfait* specifically stated in his petition for damages to the state court that he was exposed to asbestos while working aboard destroyer escorts at Avondale. *Parfait v. Huntington Ingalls Inc.,* No. CV 19-11958, 2019 WL 4297912 (E.D. La. Sept. 11, 2019).

Since the defendant's subjective knowledge cannot make the case removable, the court must determine when the defendants received "other paper" from which it was ascertainable that the case was removeable. *See* 28 U.S.C. § 1446(b)(3). Although plaintiff

---

[2] Plaintiff's petition specifically states, "Petitioner specifically disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in, or on the grounds of, a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any conduct, action, acts or omissions of any and all federal officers, or committed at the direction of an officer of the United States Government." (Rec. Doc. 1-1 at 5).

5

maintains that her former husband's social security records sent to the defendants on July 3, 2019 made it clear the case was removable, plaintiff did not include the social security records with the motion to remand. Consequently, the court cannot determine whether the records are "other paper" that establish the case was removable.

The defendants filed the notice of removal on August 29, 2019 within thirty days of receiving Edward Boudreaux deposition transcript on July 30, 2019. Thus, the defendants' notice of removal was timely.

### **Federal Officer Removal**

A civil action or criminal prosecution that is commenced in a State court and that is against or directed to The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue, may be removed to the district court of the United States for the district and division embracing the place where it is pending. 28 U.S.C. §1442(a)(1). To qualify for removal under 28 U.S.C. §1442 (a)(1), a defendant must show; (1)that it is a person within the meaning

6

of the statute, (2) that it has a colorable federal defense, (3) that it acted pursuant to a federal officer's directions, and (4) that a causal nexus exists between its actions under color of federal office and the plaintiff's claims. *Bartel v. Alcoa S.S. Co.,* 805 F.3d 169, 171 (5th Cir. 2015) (quoting *Winters v. Diamond Shamrock Chem. Co.,* 149 F.3d 387, 398 (5th Cir. 1998).

Due to the 2011 amendment to the federal officer removal statute adding "related to" language, the requirement that a "causal nexus" exists between a defendant's actions under color of federal office and a plaintiff's claims is in dispute. Current Fifth Circuit precedent holds that negligence only claims do not challenge actions taken under color of federal authority; thus, negligence only claims lack causal nexus required for federal officer removal. *Legendre v. Huntington Ingalls, Inc.,* 885 F.3d 398 (5th Cir. 2018).

In accordance with current Fifth Circuit precedence, remand is proper because plaintiff brings only negligence claims. However, on September 24, 2019, the en banc Fifth Circuit heard oral arguments in *Latiolais v. Huntington Ingalls, Inc.* to address the 2011 amendment's "relating to" language and the "causal nexus" requirement set forth in *Bartel. Latiolais v. Huntington Ingalls, Inc.,* 918 F.3d 406 (5th Cir.), *reh'g en banc granted,* 923 F.3d 427 (5th Cir. 2019). The defendants request the court hold the motion to remand in abeyance considering the development in *Latiolais v. Huntington Ingalls, Inc.* "[T]he power to stay proceedings is

7

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). To prevent further delay caused by a possible later appeal from an order of this court granting the plaintiff's motion to remand, it is in the best interest of the litigants and this court to await the Fifth Circuit's decision in *Latiolais*.

New Orleans, Louisiana this 19th day of December 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE