UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARRIE MAE CABALLERO,** | * CIVIL ACTION NO. 2:19-CV-12356 |
| **Plaintiff,** | * SECTION: B-4 |
| **VERSUS** | * JUDGE IVAN L. R. LEMELLE |
| **AVONDALE INDUSTRIES, INC., ET AL.,** | * MAGISTRATE KAREN WELLS ROBY |
| **Defendant.** | * Jury trial requested |

*******************************************

### JACOBS CONSTRUCTORS, INC., JACOBS ENGINEERING GROUP INC., AND JACOBS FIELD SERVICES NORTH AMERICA INC.'S ANSWER TO FIRST AMENDED PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come defendants Jacobs Constructors, Inc., Jacobs Engineering Group Inc., and Jacobs Field Services North America, Inc. (collectively "the Jacobs defendants"), and in response to plaintiff's First Amended Petition for Damages ("Amended Petition") state as follows:

The allegations of the first unnumbered paragraph of the Amended Petition require no response from these defendants, but in an abundance of caution are denied for lack of sufficient information to justify a belief therein.

1.

The allegations of Paragraph I of the Amended Petition are not directed towards the Jacobs defendants and therefore require no response from them but in an abundance of caution are denied insofar as they allege any liability on the part of the Jacobs defendants to plaintiff, and are otherwise denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph II of the Amended Petition, including all sub-paragraphs, are not directed towards the Jacobs defendants and therefore require no response from them but in an abundance of caution are denied insofar as they allege any liability on the part of the Jacobs defendants to plaintiff, and are otherwise denied for lack of sufficient information to justify a belief therein.

3.

In response to the allegations of the unnumbered penultimate paragraph of the Amended Petition, the Jacobs defendants incorporate by reference all of their responses to the allegations of the original Petition for Damages as set out in their Answer thereto, as if copied herein *in extenso*.

4.

The final unnumbered paragraph of the Amended Petition is a prayer for amendment of the Original Petition for Damages and for relief to which no response is required from Jacobs, but in an abundance of caution all allegations therein are denied.

5.

Any and all allegations of the Amended Petition not previously admitted, denied, or qualified, are denied insofar as they relate to Jacobs. Any and all other allegations of the Amended Petition not previously admitted, denied, or qualified, are denied for lack of sufficient information to justify a belief therein.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER answering plaintiff's First Amended Petition for Damages, the Jacobs defendants respectfully aver as follows:

### FIRST AFFIRMATIVE DEFENSE

The Jacobs defendants at all times acted with due care.

### SECOND AFFIRMATIVE DEFENSE

The Jacobs defendants at all times complied with all applicable laws, regulations, and standards.

### THIRD AFFIRMATIVE DEFENSE

The Jacobs defendants are free of any and all negligence. Specifically, The Jacobs defendants did not owe any duty to Edward Boudreaux and/or plaintiff. In the alternative, any duty owed by the Jacobs defendants was not breached. In the further alternative, any breach of any duty was not the proximate cause of the alleged injuries.

### FOURTH AFFIRMATIVE DEFENSE

The Jacobs defendants cannot be held strictly liable for the claims asserted against them.

### FIFTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff, which are denied, were solely and proximately caused by exposure to substances resulting from the fault and negligence of other parties not named in this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

In the alternative, the Jacobs defendants aver that the injuries allegedly sustained, which are denied, occurred as the result of pre-existing medical conditions, causes, or injuries, and the existence of these pre-existing or other medical conditions, causes, or injuries, bar and/or mitigate the recovery of plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

In the further alternative, to the extent plaintiff is allowed to recover damages, which are denied, such damages are caused by the fault and negligence of others for whom the Jacobs defendants are not responsible. The Jacobs defendants also aver that they are entitled to indemnity and/or contribution from all responsible defendants named in plaintiff's Petition for Damages and from any other responsible persons for any sums they must pay plaintiff based on the negligence or fault of these other persons; or, alternatively, for a reduction in any amount they must pay to plaintiff to the extent of the fault of any other party pursuant to Louisiana Civil Code article 2324.

### EIGHTH AFFIRMATIVE DEFENSE

In the further alternative, the damages allegedly sustained by plaintiff, which are denied, result from contributory fault of Edward Boudreaux and/or plaintiff, and the Jacobs defendants aver that plaintiff's claims are barred or that the Jacobs defendants are entitled to a reduction of any amount they may pay to plaintiff to the extent of to Edward Boudreaux and/or plaintiff's fault, pursuant to Louisiana Civil Code article 2323.

### NINTH AFFIRMATIVE DEFENSE

In the further alternative, the damages allegedly sustained by plaintiff, which are denied, were caused by the negligence or fault of persons with whom plaintiff has settled her claims. The Jacobs defendants are entitled to an off-set or reduction of any judgment rendered against them by the percentage of fault or virile share of all entities with whom plaintiff may have reached settlement.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join as necessary and indispensable parties, all of the manufacturers, distributors, suppliers, contractors, subcontractors, and other persons, firms, corporations, associations, and groups which provided asbestos, asbestos-related products, or harmful toxins thereby causing or substantially contributing to her injuries.  Plaintiff's failure to join such third-parties demonstrates that complete relief cannot be accorded among those who are now parties to this suit.  Plaintiff's failure to join other necessary and indispensable parties subjects the Jacobs defendants to the substantial risk of incurring double, multiple, or otherwise inconsistent obligations for the damages claimed by plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims may be barred based on the exclusivity of the Louisiana Worker's Compensation Law.

**TWELFTH AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims may be barred by prescription, peremption and/or applicable statutes of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff has settled with other parties, such settlement constitutes an extinguishment of any debt owed by the Jacobs defendants

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against the Jacobs defendants are barred by the provisions of La. R.S. 9:2771.

WHEREFORE, Jacobs Constructors, Inc., Jacobs Engineering Group Inc., and Jacobs Field Services North America, Inc. pray that this Answer to plaintiff's Petition for Damages be deemed good and sufficient, and that after due proceedings are had that judgment be rendered in favor of Jacobs Constructors, Inc., Jacobs Engineering Group Inc., and Jacobs Field Services North America, Inc. dismissing plaintiff's claims against them, with prejudice, at plaintiff's cost, and for all other general and equitable relief as the nature of this case may permit.

Respectfully submitted,

*/s/ Sarah E. McMillan*
**ARTHUR H. LEITH (#08435)**
**SARAH E. McMILLAN (#29717)**
**McGLINCHEY STAFFORD**
12th Floor
601 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
aleith@mcglinchey.com
semcmillan@mcglinchey.com

**ATTORNEYS FOR JACOBS ENGINEERING GROUP INC., JACOBS CONSTRUCTORS, INC., and JACOBS FIELD SERVICES NORTH AMERICA, INC.**

### CERTIFICATE OF SERVICE

I certify that on June 7, 2022, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.

*/s/ Sarah E. McMillan*
SARAH E. McMILLAN